UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MORTON,

        Petitioner,        Case Number: 2:14-CV-10079

v.        HON. GEORGE CARAM STEEH

CARMEN PALMER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

This is a habeas case under 28 U.S.C. § 2254. Petitioner William Morton is a state inmate at the Michigan Reformatory in Ionia, Michigan. He challenges his convictions for first-degree premeditated murder, three counts of assault with intent to commit murder, and possession of a firearm during the commission of a felony. In addition to his habeas petition, Petitioner filed a Motion to Stay Proceedings and Hold Petition in Abeyance. The Court grants the motion.

**I.**

Petitioner was convicted by a jury in Wayne County Circuit Court. On October 15, 2009, he was sentenced to life imprisonment for the murder conviction, 15 to 25 years' imprisonment for each of the assault convictions, and two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising these claims: (i) insufficient evidence, (ii) evidence that a witness was afraid to testify improperly admitted, (iii) trial court erred in refusing requested jury instruction, (iv) autopsy photographs improperly admitted, (v) prosecutor engaged in misconduct, and (iv) ineffective assistance of counsel. The Michigan Court of Appeals affirmed the convictions. *People v. Morton,* No. 294823, 2012 WL 1890041 (Mich. Ct. App. May 24, 2012). The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Morton,* 493 Mich. 871 (Mich. Oct. 22, 2012).

Petitioner then filed the pending habeas corpus petition. He raises these claims:

I.  The trial court violated Petitioner's Sixth Amendment right to a jury trial by failing to instruct the jury that it could return a general not guilty verdict, or a verdict of not guilty on the lesser included offenses.

II. Petitioner was denied due process of law and a fair trial by the impermissibly suggestive photo line-up shown to Maleek Slater, which tainted his subsequent courtroom identification of Petitioner causing a miscarriage of justice.

III. Petitioner is entitled to a new trial before a lawfully convened court where a radical defect in the court's jurisdiction nullified the entire process. Petitioner was arrested without a warrant and the prosecutor failed to file a complaint at or before the district court arraignment.

IV. Petitioner is entitled to a new trial where the prosecutor abdicated her duty to list all known *res gestae* witnesses, which impeded the petitioner's rights to due and compulsory process.

V.  Brandy Patterson's testimony revealing the contents of co-defendant Brantley's police statement inculpating Petitioner coupled with Houston's test messages violated Petitioner's Sixth Amendment right to confrontation.

VI. Petitioner is entitled to a new trial on due process grounds where the prosecutor: (A) ascribed to defendant a motive for murder that lacked evidentiary support; (B) made repeated misstatements of facts.

VII. Petitioner was denied his state and federally protected right to effective assistance of trial counsel.

VIII. Petitioner was denied his state and federally protected right to the effective assistance of appellate counsel where counsel failed to raise plain errors requiring reversal.

IX. The United States Supreme Court has invalidated mandatory life sentences for juveniles convicted of homicide offenses and required that judges fashion a punishment that accounts for the mitigating circumstances of youth.

Petitioner also filed a motion to hold habeas petition in abeyance.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that his petition is a mixed one, containing both exhausted and unexhausted claims. Petitioner asks the Court to stay the petition so that he may return to state court to exhaust his unexhausted claims.

A prisoner who has not yet exhausted state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner argues that his unexhausted claims were not presented in state court because his trial and appellate attorneys were ineffective. An appellate attorney cannot

-3-

be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present his claims in state court. In addition, the Court finds that Petitioner's claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted). At this time, the Court makes no finding as to the timeliness of this petition.

**III.**

Accordingly, it is ORDERED that Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance [dkt. #2] is GRANTED. The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of

this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay in this Court within sixty days after the conclusion of the state court proceedings.

IT IS FURTHER ORDERED that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

Dated:  January 22, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 22, 2014, by electronic and/or ordinary mail and also on William Morton #744816, Michigan Reformatory, 1342 West Main Street, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk